# In the United States Court of Federal Claims

No. 22-533C
(Filed: August 23, 2022)
**NOT FOR PUBLICATION**

| | |
|---|---|
| JOHN LEE BASEY, | ) |
| *Pro Se* Plaintiff, | ) Pro Se; Sovereign Citizen Allegations; ) Dismissal for Lack of Subject Matter ) Jurisdiction |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## DISMISSAL ORDER

Now pending before the court is pro se plaintiff John Lee Basey's motion to seal these proceedings, ECF No. 6, and defendant the United States' motion to dismiss, ECF No. 8. Mr. Basey, a Texas state inmate, has filed a complaint in this court alleging that when his name is spelled in capital letters, such as on his birth certificate or court filings, his name does not identify him. Compl. at 1-3, ECF No. 1.[1] Rather, he argues that his name in capital letters identifies his corporate identity, a legal fiction controlled by the government. *Id.* He alleges that when the United States issued his birth certificate, the government replaced him, "the livingman, as a quasi-corporation/Surety for the all Caps Name/Private Business Trust," and that this was done without his "knowledge or consent." *Id.* at 3.

Mr. Basey therefore claims that the issuance of his birth certificate created a "unilateral contract by fraud" for the "sole benefit of the U.S. Government." *Id.* He requests, among other injunctive relief, that the court order his release from prison and that "any and all Past, or prese[]nt cases shall be void, Nunc pro Tunc Ab Initio." *Id.* at 4. He additionally asks that the court order "the United States Secretary of Treasury to Discharge all Debts attached to" his "Private Business Trust Estate," and "Set-up a

---

[1] The citations to the complaint and its attachments refer to the page numbers generated by the court's CM/ECF system.

Monthly allowance for [his] use and enjoyment." *Id.* He seeks $250,000,000 in damages. *Id.*, Attach. 4 at 1, ECF No. 1-4.

Several weeks after filing his complaint, Mr. Basey filed a motion to seal these proceedings. Mot. to Seal at 1. He asks that the court place his case in "Exclusive Equitable Jurisdiction" in chambers and moves to seal this case "From Public Viewing." *Id.* at 1-2. In support, Mr. Basey argues that these proceedings should be sealed to secure his "private civilian due process rights" and so that "the public may not be alarmed." *Id.* at 1.

The government then filed a motion to dismiss Mr. Basey's claims, arguing that this court lacks subject matter jurisdiction, or, alternatively, that Mr. Basey has failed to state a claim upon which relief may be granted. Mot. to Dismiss at 3-5. The government argues that "the complaint neither identifies a viable contract with the United States nor a money-mandating source of law as required by the Tucker Act," and instead asserts claims under a "sovereign citizen" theory of recovery, which the court "has rejected on several prior occasions." Reply at 1, ECF No. 10.

For the reasons discussed below, the court denies Mr. Basey's motion to seal and grants the government's motion to dismiss. Beginning first with Mr. Basey's motion to seal, while there is a presumption in favor of the common law right of access to judicial records, courts maintain the discretion to determine whether public access is appropriate. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356-57 (Fed. Cir. 2011). Access may be denied if the records might be used for improper purposes. *Nixon*, 435 U.S. at 598. The party filing a motion to seal bears the burden of providing a "compelling justification" to overcome the presumption of public access. *Crowley Gov't Servs., Inc. v. United States*, No. 21-1387, 2022 WL 728680, at *2 (Fed. Cl. Mar. 10, 2022). Because Mr. Basey has not shown that this case involves information that may be used by the general public for improper purposes, and has not otherwise provided a compelling justification to seal these proceedings, the motion to seal is denied.

The court next turns to the government's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").[2] Under the Tucker Act, an action may be maintained in this court if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or

---

[2] The government has also moved to dismiss Mr. Basey's complaint for failure to state a claim under RCFC 12(b)(6). Mot. to Dismiss at 4-5. Because the court grants the government's motion to dismiss under RCFC 12(b)(1), the court does not address this alternative argument.

for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Because he is a pro se litigant, the court construes the allegations in Mr. Basey's complaint liberally. *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). Regardless of pro se status, however, a plaintiff always bears the burden of establishing subject matter jurisdiction. *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020). Moreover, "[a]lthough pro se plaintiffs are given some leniency in presenting their case, their pro se status does not immunize them from pleading facts upon which a valid claim can rest." *Strougher v. United States*, 89 Fed. Cl. 755, 760 (2009) (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002)).

While somewhat difficult to follow, Mr. Basey's complaint is based on an alleged contract with the United States that was purportedly created by his birth certificate. Compl. at 1-4; Resp. at 12, ECF No. 9.[3] Mr. Basey is proceeding under the discredited "sovereign citizen" theory. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282-83 (2011); *Potter v. United States*, No. 22-720C, 2022 WL 2840497, at *2-5 (Fed. Cl. July 21, 2022); *Davenport v. United States*, No. 17-1122C, 2017 WL 5988354, at *2 (Fed. Cl. Dec. 4, 2017). Proponents of this theory believe that, prior to the passage of the Fourteenth Amendment, people were citizens only of their individual states. *Gravatt*, 100 Fed. Cl. at 283. Following the passage of the Fourteenth Amendment, sovereign citizen plaintiffs believe that the government uses birth certificates and social security documents as "contracts" to "trick[]" individuals into becoming United States citizens. *Id.* The government then uses these birth certificates and social security documents as security for the national debt, and this security interest creates individual trust fund accounts that contain each person's lifetime "profits." *Id.* "Sovereign citizen plaintiffs often make a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized," arguing that "when they use the proper capitalization of their names, they can redeem the funds held by the United States." *Potter*, 2022 WL 2840497, at *4. Sovereign citizen plaintiffs also "believe that they are not subject to government authority," and "attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt*, 100 Fed. Cl. at 282. This court has previously dismissed for lack of jurisdiction complaints invoking this theory. *Id.* at 289; *see also, e.g.*, *Potter,* 2022 WL 2840497, at *4; *Davenport*, 2017 WL 5988354, at *2.

Likewise, here, the court lacks jurisdiction over Mr. Basey's "sovereign citizen" claims. Mr. Basey's complaint contains commonly-used sovereign citizen language. For

---

[3] The citations to Mr. Basey's response refer to the page numbers generated by the court's CM/ECF system.

example, Mr. Basey argues that the government created a "unilateral contract by fraud" when it issued his birth certificate.  Compl. at 3.  He contends that the Fourteenth Amendment "was instrumental in shifting citizenship of each [A]merican from being primarily a state citizen, to being a private corporation of the government." *Id.*, Attach. 1 at 11.  He claims that his name in all capital letters refers to a separate legal entity. *Id.* at 1, 3.  He also seeks the "return of any and all accounts" held by the government as part of his "Private Business Trust E[s]tate." *Id.* at 4.  As discussed above, the court has repeatedly dismissed such "nonsensical" claims for lack of jurisdiction. *Gravatt*, 100 Fed. Cl. at 289; *Potter,* 2022 WL 2840497, at *4; *Davenport*, 2017 WL 5988354, at *2.

Moreover, because "[n]either birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties," *Gravatt*, 100 Fed. Cl. at 286, Mr. Basey fails to make any credible allegation that his birth certificate formed a contract between himself and the United States.  While a nonfrivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke this court's jurisdiction, Mr. Basey's allegations here are so "wholly insubstantial" that dismissal for lack of subject matter jurisdiction is appropriate. *Ibrahim*, 799 F. App'x at 867 (quoting *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995)); *Gravatt*, 100 Fed. Cl. at 286-87.

The court also lacks jurisdiction over any other claims, construed liberally, asserted by Mr. Basey.  To the extent that Mr. Basey challenges his criminal conviction, *see* Resp. at 17, the court lacks jurisdiction over that claim, *Harris v. United States*, 868 F.3d 1376, 1381 (Fed. Cir. 2017) (per curiam).  To the extent he is asserting a fraud claim against the United States, *see* Resp. at 11, that claim sounds in tort, and the court lacks jurisdiction, *Taylor v. United States*, 817 F. App'x 1021, 1022 (Fed. Cir. 2020) (mem.). To the extent Mr. Basey asserts a criminal claim, *see* Compl. at 5 (citing 18 U.S.C. § 1001, governing false statements); Resp. at 11, the court lacks jurisdiction over criminal causes of action, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  Moreover, because the court lacks jurisdiction to award the money damages requested by Mr. Basey, it also lacks jurisdiction to grant the injunctive relief he seeks. *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 999 (Fed. Cir. 2017) ("The Tucker Act does not generally confer jurisdiction for actions seeking declaratory or injunctive relief.").  Additionally, because the court lacks jurisdiction over his claims, Mr. Basey's request for arbitration contained in his complaint, Compl. at 5, is denied.

For these reasons, the government's motion to dismiss, ECF No. 8, for lack of subject matter jurisdiction under RCFC 12(b)(1) is **GRANTED**, and the complaint is dismissed without prejudice.  Mr. Basey's motion to seal, ECF No. 6, is **DENIED.**  Mr. Basey's motion to proceed in forma pauperis, ECF No. 2, which the government did not oppose, is **GRANTED**, as Mr. Basey has satisfied the statutory requirements for

proceeding in forma pauperis, 28 U.S.C. § 1915(a).  The Clerk is directed to enter judgment accordingly.

      **IT IS SO ORDERED**.

s/*Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge
